# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Diona M. Gildon,<br><br>                           Plaintiff,<br>vs.<br><br>Social Security,<br><br>                           Defendant. | CASE NO. 08-CV-1564 H (NLS)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL** |

On August 25, 2008, plaintiff Diona M. Gildon filed a complaint alleging the denial of Social Security benefits. (Doc. No. 1.) Plaintiff has filed a motion for leave to proceed in forma pauperis and a motion to appoint counsel. (Doc. Nos. 2-3.) For the reasons that follow, the Court grants Plaintiff's motion to proceed in forma pauperis and denies without prejudice Plaintiff's motion to appoint counsel.

**Motion to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a), a court may authorize the commencement of a lawsuit without payment of the required filing fee if the plaintiff submits an affidavit demonstrating the plaintiff's inability to pay the filing fee. Such affidavit must include a complete statement of the plaintiff's assets. Here, Plaintiff has submitted a form motion and declaration. (See Doc. No. 2.) Plaintiff declares that she has been unemployed since January 10, 1998 and receives monthly social security and welfare benefits. (Id.) Plaintiff does not have a checking account or other bank account and does not own an automobile. (Id.) Plaintiff's son, daughter

1  and grandson depend upon Plaintiff for their support. (Id.) After reviewing Plaintiff's filing,
2  the Court concludes that Plaintiff has established that she cannot pay the filing fee.
3  Accordingly, the Court grants Plaintiff's motion to proceed in forma pauperis.

4  **Motion to Appoint Counsel**

5  The Constitution provides no right to appointment of counsel in a civil case unless an
6  indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of
7  Social Services, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district
8  courts are granted discretion to appoint counsel for indigent persons under "exceptional
9  circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of
10 exceptional circumstances requires an evaluation of both the 'likelihood of success on the
11 merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity
12 of the legal issues involved.' Neither of these issues is dispositive and both must be viewed
13 together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328,
14 1331 (9th Cir. 1986)).

15 Plaintiff filed her motion to appoint counsel using a form motion intended for
16 employment discrimination actions under the Civil Rights Act of 1964 and 42 U.S.C. § 2000e.
17 (Doc. No. 3.) After reviewing Plaintiff's submission and considering all the circumstances of
18 this case based on Plaintiff's filings to date, the Court concludes that Plaintiff's motion fails
19 to establish the "exceptional circumstances" required for the Court to appoint counsel.
20 Plaintiff has been able to articulate the basis of her claim and has succeeded in her IFP
21 application. Accordingly, the Court denies Plaintiff's motion for appointment of counsel
22 without prejudice.

23 IT IS SO ORDERED.

24 DATED: September 3, 2008

25
26 MARILYN L. HUFF, District Judge
   UNITED STATES DISTRICT COURT
27
28