1
2
3
4
5
6
7
8
9
10
11
12
13

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

14  DIONA GILDON,                              **CASE NO. 08-CV-1564 H (NLS)**

15                           Plaintiff,        **ORDER GRANTING**
                                               **DEFENDANT'S MOTION TO**
16       vs.                                   **DISMISS PLAINTIFF'S**
                                               **COMPLAINT**
17  MICHAEL J. ASTRUE, Commissioner of
    Social Security,

18                           Defendant.

19      On August 25, 2008, Diona Gildon ("Plaintiff"), proceeding pro se, filed a complaint

20  seeking judicial review of the Commissioner of Social Security's ("Defendant") decision

21  regarding Plaintiff's disability benefits under the Social Security Act.  (Doc. No. 1.)  On

22  November 2, 2009, Defendant filed a motion to dismiss Plaintiff's complaint for lack of

23  jurisdiction.  (Doc. No. 18.)  Plaintiff did not file a response in opposition to Defendant's

24  motion to dismiss.

25      The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determined this matter

26  is appropriate for resolution without oral argument and submitted it on the Parties' papers.

27  (Doc. No. 20.)  For the reasons set forth below, the Court grants Defendant's motion to dismiss

28  Plaintiff's complaint.

# BACKGROUND

On July 26, 2002, an Administrative Law Judge ("ALJ") issued a fully favorable hearing decision approving Plaintiff's claim for supplemental security income and disability insurance benefits under the Social Security Act. (Doc. No. 18-2 Ex. 1.) On February 6, 2007, Plaintiff filed a request for review of the ALJ's decision. (Id. Ex. 2.) On June 15, 2007, the Appeals Council sent Plaintiff a letter providing her with an opportunity to submit additional information to show whether she had a good reason for filing the request for review late. (Id. Ex. 3.) On or about June 22, 2007, Plaintiff submitted an explanatory letter to the Appeals Council. (Id. Ex. 4.) On April 25, 2008, the Appeals Council issued an order dismissing Plaintiff's request for review because Plaintiff had not provided sufficient reason for the late filing. (Id. Ex. 5.) On August 25, 2009,Plaintiff filed this civil action seeking review of Defendant's decision. (Doc. No. 1.)

# DISCUSSION

"'[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Hercules, Inc. v. United States, 516 U.S. 417, 422 (1996) (quoting United States v. Testan, 424 U.S. 392, 399 (1976)). The Government's waiver of sovereign immunity should be strictly construed, with respect to scope, in favor of the sovereign. Lane v. Pena, 518 U.S. 187, 192 (1996). When ruling on a jurisdictional challenge under Fed. R. Civ. P. 12(b)(1), "a court may look beyond the complaint and consider extrinsic evidence." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1141 n.5 (9th Cir. 2003).

For cases arising under Titles II and XVI of the Social Security Act, Congress has provided that 42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review. See 42 U.S.C. § 405(h). Under 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within

such further time as the Commissioner of Social Security may allow. The term "final decision" is undefined in the Social Security Act and "its meaning is left to the [Commissioner] to flesh out by regulation." Weinberger v. Salfi, 422 U.S. 749, 767 (1975). The regulations provide that a "final decision" which is subject to judicial review is available only when a claimant has received an "initial determination" and has pursued that determination through the administrative appellate process. See 20 C.F.R. § 416.1400(a); Califano v. Sanders, 430 U.S. 99, 102 (1977).

Under the administrative appellate process, an individual claiming entitlement to benefits first receives an initial determination. See 20 C.F.R. § 416.1402. If dissatisfied with this determination, the claimant may ask for reconsideration and then a hearing before an ALJ. See 20 C.F.R. §§ 416.1407, 416.1414. If dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review the decision. See 20 C.F.R. § 416.1467. The Appeals Council may (1) deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, (2) grant the request for review and issue its own final decision, or (3) dismiss the request for review. See 20 C.F.R. §§ 416.1471, 416.1481. In either of the first two situations, the claimant may seek judicial review of the Commissioner's final decision by filing an action in federal district court. See 20 C.F.R. § 416.1481. If, however, the Appeals Council dismisses the request for review, the dismissal "is binding and not subject to further review." See 20 C.F.R. §§ 416.1471, 416.1472. If a claimant does not pursue all of the steps of the administrative review process within the time period specified, she "will lose [her] right to further administrative review and [her] right to judicial review," unless she demonstrates "good cause" for failing to timely request review. See 20 C.F.R. § 416.1400(b).

Defendant issued notice of the ALJ's fully favorable decision on July 26, 2002. (Doc. No. 18-1 Ex. 1.) Plaintiff filed her request for review on February 6, 2007. (Id. Ex. 2.) After providing Plaintiff with an opportunity to explain the late filing, the Appeals Council found no good cause for the lateness. (See id. Exs. 3-7.) Thus, the Appeals Council dismissed her request for review as untimely. (Id. Ex. 5.) That dismissal was "binding and not subject to

1  further review" in federal court.  <u>See</u> 20 C.F.R. §§ 416.1471, 416.1472.  Since there was no

2  final decision, this Court lacks jurisdiction and the action must be dismissed.  <u>See</u> 42 U.S.C.

3  § 405(g).

4                                                    <u>**CONCLUSION**</u>

5          For the reasons set forth above, the Court grants Defendant's motion to dismiss

6  Plaintiff's complaint.  Since amendment would be futile, the Court dismisses Plaintiff's

7  complaint with prejudice.  <u>See</u> <u>Zucco Partners, LLC v. Digimarc Corp.</u>, 552 F.3d 981, 1007

8  (9th Cir. 2009).

9          **IT IS SO ORDERED**.

10 DATED: December 18, 2009

11

12                                                    MARILYN L. HUFF, District Judge
                                                      UNITED STATES DISTRICT COURT

13 COPIES TO:

14 All parties of record

15

16

17

18

19

20

21

22

23

24

25

26

27

28